O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. BOYLAN,<br><br>               Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>               Defendant. | CASE NO. ED CV 08-01370 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

       In the first of four arguments, Plaintiff asserts that the Administrative Law Judge wrongly rejected the opinion of a consulting physician that Plaintiff could stand or walk for six out of eight hours in a workday. The vocational expert had testified that the three jobs he identified that Plaintiff could perform — vehicle cleaner, house cleaner, and dishwasher — all were jobs that required a worker to be on his feet the entire work day, and that the job base would be eroded completely if a person was off task twenty percent of the time. [AR 32] Thus, Plaintiff's first argument, if correct, would require a reversal of the Commissioner's decision.

       The consultant examined Plaintiff, and therefore the question before the Court is whether the Administrative Law Judge gave "clear and convincing" reasons for rejecting the opinion, if it was uncontradicted, or "specific and legitimate" reasons, backed by substantial evidence in the record, for rejecting it if other evidence contradicted it.

*Widmark v. Astrue*, 454 F.3d 1063, 1066 (9th Cir. 2006), *citing Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The Administrative Law Judge rejected the limitations imposed by the examining physician in a brief statement that the conclusions were inconsistent with the clinical findings and objective evidence in the record. This conclusion is backed by substantial evidence in the record; for example, the examining physician's diagnoses include nothing of any orthopedic or other nature that would impinge on Plaintiff's ability to stand. In this Court, Plaintiff points to no contrary evidence in the record. The Administrative Law Judge had a sufficient basis upon which to reject the opinion of the examining physician. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Plaintiff next argues that the Administrative Law Judge failed to consider his credibility properly. Plaintiff asserts that the Administrative Law Judge "merely summarized Plaintiff's testimony and failed to explain if he accepted or rejected it." (Plaintiff's Memorandum in Support of Complaint at 3:15-17.) This is incorrect. The Administrative Law Judge stated that Plaintiff's "activities are most inconsistent with his allegations and they are consistent with the above residual functional capacity determination." [AR 44] He then proceeded to detail various of Plaintiff's activities, including some reasonably heavy housework, and exercise three times a week, which legitimately could be said to be inconsistent with the debilitating status Plaintiff claimed to have. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). In addition, the Administrative Law Judge gave a variety of reasons that Plaintiff's testimony as to his mental condition was belied by the record [AR 44], and such evidence is one factor when, considered with others, may suffice to impeach a claimant's credibility. *Cf. Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Plaintiff next argues that the Administrative Law Judge failed to consider properly the information which Plaintiff's wife reported in a Function Report. The Administrative Law Judge gave less weight to Plaintiff's wife's statements than to other evidence "because they are not supported by objective evidence and they are inconsistent

1  with his activities." [AR 45] Since he validly rejected Plaintiff's testimony on this same
2  basis, he was justified in rejecting Plaintiff's wife's testimony also. *Valentine v.*
3  *Commissioner of Social Security*, ___ F.3d ___, slip opinion No. 08-35374 (9th Cir.
4  July 20, 2009).

5  Plaintiff's last argument is that the hypothetical question to the vocational
6  expert, on which the expert based his opinion, was deficient because it did not include the
7  limitations Plaintiff argues for here. A vocational expert need not include limitations that
8  are not supported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir.
9  2000).

10  In accordance with the foregoing, the Commissioner's decision is affirmed.

11  DATED: July 21, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE